UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CASE NO. 1:09-CV-13-M

SARAH E. CONDIFF                                                    PLAINTIFF

v.                      **DEFENDANTS' REPLY SUPPORTING THEIR**
                        **MOTION FOR SUMMARY JUDGMENT**

HART COUNTY BOARD OF EDUCATION,
HART COUNTY SCHOOL DISTRICT
AND RICKY LINE, Individually and in his
official capacity as Superintendent of the
Hart County Board of Education                                     DEFENDANTS

**INTRODUCTION**

On July 13, 2010 the defendants filed their motion for summary judgment (Dkt. # 21).

The plaintiff has filed a response on August 6, 2010 (Dkt. # 25).  This reply is filed in support of

the defendants' motion for summary judgment.  Since the Court is familiar with the facts from

the previous filings, this reply will proceed directly to the Argument.

**ARGUMENT**

**I.**
**THE HART COUNTY SCHOOL DISTRICT IS NOT A LEGAL ENTITY AND MUST BE
DISMISSED AS A PARTY.**

The defendants believe this issue was adequately addressed in their original motion for

summary judgment and will not belabor the issue further.

**II.**
**ALL CLAIMS AGAINST THE HART COUNTY SCHOOL DISTRICT AND THE HART
COUNTY BOARD OF EDUCATION MUST BE DISMISSED FOR LACK OF ANY
ALLEGATION OR PROOF OF A DISCRIMINATORY POLICY.**

Regardless whether the proper entity is the Hart County School District (the "District") or

the Hart County Board of Education (the "Board") or both, the claims against them must be

1

dismissed because there is no allegation or proof that either adopted a discriminatory policy that resulted in any adverse action against Condiff. As set forth in the defendants' original motion, a government entity bears no *respondeat superior* liability for the actions of its employees; a government entity is liable only for its own action in adopting discriminatory policies or practices. Klemencic v. Ohio State University, 263 F.3d 504 (6th Cir. 2001). *See also* Monell v. Dept. Of Social Services, 436 U.S. 658 (1978).

The Declaration of Ricky Line ("Superintendent Line"), Exhibit 1 to the defendants' motion for summary judgment (the "Line Declaration"), is unrebutted and unchallenged in stating that Condiff's employment was terminated at the end of the 2007-2008 school year along with the employment of *every other full time teacher working under a limited one-year contract* in order to provide the School Based Decision Making Council ("SBDMC") and the principal of each school the option of rehiring such teachers or hiring others. In the absence of such an *en masse* termination, the Board would be compelled by law to rehire every teacher employed under a limited one-year contract for the following school year. The annual termination of limited one-year contracts was initiated in 1998 and is obviously non-discriminatory both on its face or as applied to Condiff. Indeed, the official policy of the Board, attached as Exhibit B to the Line Affidavit, prohibits sexual harassment and requires that employees, such as Condiff, report it so that appropriate action can be taken.

Condiff has provided no proof that the practice of annually terminating the employment of all teachers employed under a limited one-year contract was a pretext. In view of the universal application of the practice since 1998, it is logically impossible that its application to Condiff was a pretext.

2

923759

Teachers holding a limited one-year contract of employment are not a protected class and the practice of annually terminating their employment has a rational basis – it allows the decision-makers to avoid rehiring a teacher when the decision-makers determine that a better candidate is available, so as to promote the goal of providing students with the best possible education.

Since there is no allegation or proof of a discriminatory policy or practice by either the District or the Board, the claims against them must be dismissed.

## II.
## NO CLAIMS HAVE BEEN MADE AGAINST ANY OF THE PRINCIPALS WHO CHOSE NOT TO HIRE CONDIFF AFTER THE 2007-2008 SCHOOL YEAR.

Aside from the claims Condiff has asserted against the District and the Board, the only other claims are those asserted against Superintendent Line. No claim is asserted against Chris Mueller, principal of the Hart County High School, or any of the other principals of the schools where Condiff applied for and was denied employment after the 2007-2008 school year. Thus, she has no cause of action against the principals who decided not to hire her in subsequent years, regardless of their individual motives.[1]

Condiff has no cause of action against the Board or the District based on the fact that she was not hired after the 2007-2008 school year because she has neither plead, nor submitted any proof from which it could be inferred, that her failure to obtain subsequent employment was the result of a policy or practice adopted by the Board or the District.

---

[1] It should be noted that, with the exception of Chris Mueller, all of the principals of the schools who rejected Condiff's applications for employment after the 2007-2008 school year have denied, under oath, any knowledge of the incident involving Condiff's step-daughter – it is undisputed that said incident did not affect their decision. While Mueller was aware of the situation involving Condiff's step-daughter, he testified that situation did not impact the decision not to rehire her.

3

923759

## III.
## CONDIFF HAS NO CAUSE OF ACTION AGAINST LINE.

The only adverse employment actions Condiff alleges against Line are (1) the termination of her employment at the end of the 2007-2008 school year and (2) her unsuccessful efforts to obtain employment in subsequent years. Neither of these actions give rise to a cause of action against Line for the following reasons.

As set forth above and in the defendants' original motion beginning at p. 8, Condiff has no cause of action against Line resulting from the termination of her limited one-year employment contract because that termination was the result of a non-discriminatory practice – the employment of every such teacher was terminated at the end of each school year beginning in 1998 because the law at that time required that such teachers be rehired for the following year unless their employment was terminated. In order to allow the principal and the SBDMC of each school to choose the best candidate for each non-tenured position, all non-tenured teachers were fired at the end of each school year. Thus, for the following school year, the principal and the SBDMC at each school could choose to rehire the teacher employed during the prior year or choose another from among the list of qualified applicants submitted by the Superintendent.

Neither does Condiff have any cause of action against Line based on the fact that she was not rehired after the 2007-2008 school year. As pointed out at p. 9 of the Defendants' original motion for summary judgment, Line did not decide which teachers would be hired – that decision is made by the principal and SBDMC of each school pursuant to KRS 160.345(2)(h)(1). While Condiff cites KRS 160.370 for the proposition that the superintendent is responsible for the "hiring and dismissal of all school personnel," this provision must be read in conjunction with KRS 160.345(2)(h)(3), which states:

Personnel *decisions made at the school level* under the authority of

4

subparagraphs 1., 2., and 4. of this paragraph *shall be binding on the superintendent who completes the hiring process*.

Thus, the superintendent's role is entirely *pro forma*. The decision of the principal and the SBDMC are binding on the superintendent, who merely "completes the hiring" process by following the procedures outlined in the statutes.

Since it is clear that Superintendent Line had absolutely no authority to decide whether Condiff would be hired after the 2007-2008 school year, he cannot be held liable on the basis that she was not hired.

## CONCLUSION

Despite counsel's excellent discussion of the policies of federal statutes and constitutional provisions set forth in the Condiff's Response, the facts of this particular case do not bring any of those policies into play.

Condiff has attempted to sue two entities – the Board and the District.

With respect to the Board and the District, Condiff has not alleged or offered any proof that either has a discriminatory policy that resulted in any adverse action against her. Indeed, the official policy of the Board, attached as Exhibit B to the Line Affidavit, prohibits sexual harassment and requires that employees, such as Condiff, report it. Since an entity has no *respondeat superior* responsibility for the conduct of its employees, Condiff has no cause of action against the Board or the District under any federal law or constitutional provision even if there were proof, which there is not, that the employees of the Board or the District acted from improper motives.

With respect to Line, Condiff has no cause of action based on the termination of her employment at the end of the 2007-2008 school year because that termination occurred pursuant to a non-discriminatory annual practice, dating back to 1998, of terminating the employment of

5

923759

all teachers employed under a limited one-year contract so as to allow those responsible for hiring teachers for the following year to select the best candidate possible from among the qualified applicants. Condiff has no cause of action against Line based on the fact that she was not hired after the 2007-2008 school year because Line had no authority to make the decision whether she should be hired – he was bound by the decisions of the principals and the SBDMC's of the schools where Condiff applied for employment.

WHEREFORE the Defendants, Hart County School District, Hart County Board of Education and Ricky Line in his individual and official capacities request that Condiff's complaint be dismissed in its entirety with prejudice at the cost of Condiff.

Respectfully submitted.

> ENGLISH, LUCAS, PRIEST & OWSLEY, LLP
> 1101 College Street, P. O. Box 770
> Bowling Green, Kentucky 42102-0770
> Telephone: (270) 781-6500
> Fax: (270) 782-7782
> mowsley@elpolaw.com
> cpriest@elpolaw.com
>
> Attorneys for Defendants
>
> /s/ W. Cravens Priest III
> MICHAEL A. OWSLEY
> W. CRAVENS PRIEST III

6

923759

## CERTIFICATE OF SERVICE

I hereby certify that on August 17, 2010, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF System, which will send a notice of electronic filing to the following:

Charles W. Miller
Waterfront Plaza, Suite 2104
325 West Main Street
Louisville, KY 40202
cmiller@bellsouth.net

*/s/ W. Cravens Priest III*
W. CRAVENS PRIEST III

923759